**SO ORDERED.**

**SIGNED this 10 day of September, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

**IN RE:**

**LINDA CAROL ROBINSON,**

       **Debtor.**                                          **Case No. 05-04772-8-JRL
Chapter 13**

_____

### ORDER

On June 20, 2005, the debtor, Linda Robinson, filed for relief under Chapter 13 of the Bankruptcy Code. Ms. Robinson's Chapter 13 plan was confirmed on October 11, 2005 and, since such time, she has substantially complied with the plan. Mrs. Robinson has now moved the court to grant her discharge due to hardship beyond her control pursuant to 11 U.S.C. § 1328(b). On September 7, 2007, the court conducted a hearing on this matter in Wilson, North Carolina. Ms. Robinson currently lives in Baton Rouge, Louisiana and testified by phone.

The debtor asserts that she is unable to make her Chapter 13 plan payments. The debtor's total monthly income is $2,600.00. She has paid $8,676.00 into her Chapter 13 plan, which represents approximately seventy-five percent of the base amount payable under the plan. The debtor cites several reasons for her inability to make her plan payments. First, Ms. Robinson has

been diagnosed with a medical condition, venous angioma, that she testified is exacerbated by stress and affects her ability to function. Second, she resigned from her tenured position as a professor at East Carolina University to move to Baton Rouge, Louisiana to care for her mother, who suffers from Parkinson's disease. The debtor has found employment in Louisiana, but her earnings are reduced from that of her position at East Carolina University. The debtor also cites her relocation expenses incurred during this move as contributing to her inability to make plan payments. Finally, the debtor testified that she incurs additional expenses for the medical care of her adult daughter, who suffers from bi-polar disease.

> A hardship discharge is only applicable when:
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b). Therefore, in considering whether to grant a debtor's discharge, the court must determine if the debtor's inability to make plan payments is due to circumstances "beyond the debtor's control." In re Edwards, 207 B.R. 728, 731 (Bankr. N.D. Fla. 1997). However, "most bankruptcy courts that have addressed the issue have allowed a hardship discharge only when a debtor has suffered from catastrophic circumstances that directly cause the debtor to be unable to complete plan payments." In re Bandilli, 231 B.R. 836, 840.

Here, Ms. Robinson's inability to make plan payments is not due to circumstances beyond her control. Although Ms. Robinson suffers from a medical condition, her condition is under control and does not prevent her from working in her chosen profession. In fact, Ms. Robinson

testified that she is currently employed by two universities in the Baton Rouge area and has a current monthly income of $2,600. Further, the debtor testified that she voluntarily left her tenured position as a professor at East Carolina University to move to Baton Rouge, Louisiana. Because this was a voluntary decision, and thus not beyond Ms. Robinson's control, it is not a basis for a hardship discharge under § 1328(b).

For the foregoing reasons, the court denies the debtor's motion for a hardship discharge.

**END OF DOCUMENT**